IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. _____

| | |
|---|---|
| ALAN FENDT,<br><br>               Plaintiff,<br><br>vs.<br><br>NATIONWIDE GENERAL<br>INSURANCE COMPANY,<br><br>               Defendant. | **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Nationwide General Insurance Company ("Defendant"), by and through its undersigned counsel, hereby remove this action from the Superior Court Division of the North Carolina General Court of Justice, in and for Mecklenburg County, to the United States District Court for the Western District of North Carolina. In support thereof, Defendant states as follows:

1. This case was originally filed in the Superior Court Division of the North Carolina General Court of Justice, in and for Mecklenburg County, on November 3, 2025, under the name and style of *Alan Fendt v. Nationwide General Insurance Company*, 24-CV059025-590. Because Mecklenburg County is situated within this district, this Court is the proper venue for removal. *See* 28 U.S.C. § 1446(a).

2. Upon information and belief, Plaintiff's counsel mailed a copy of the Summons and Complaint by certified mail to Mike Causey at the NC Department of Insurance ("NC DOI"), which was received by the NC DOI on November 12, 2025.

3. On December 10, 2025, Defendant received the Service of Process Package from the NC DOI. (*See* a true and accurate copy of the Certified Envelope and corresponding USPS tracking information, dated December 10, 2025, attached hereto as **Exhibit 1**).

4. Pursuant to Rule 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…."

5. "The time for counting the days for filing notice of removal under § 1446(b) starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)).

6. Here, the Summons and Complaint was not served on Defendants until, at earliest, December 10, 2025, when the Service of Process Package was delivered. Accordingly, Defendant's time for removal, at earliest, is January 9, 2026, therefore the time for removal has not yet expired.

# JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

7. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and there is complete diversity among Plaintiff and Nationwide.

## I. Complete Diversity of Citizenship Exists

8. Upon information and belief, Plaintiff is a citizen of North Carolina. (*See* a true and accurate copy of Plaintiff's Complaint, attached as **Exhibit 2**).

9. Defendant is an insurance company organized and existing under the laws of the State of Ohio and has its principal office located in Columbus, Ohio. Therefore, Nationwide is a citizen of Ohio.

10. Thus, because the parties to this action are citizens of different States, complete diversity exists.

## II. The Amount in Controversy Exceeds $75,000

11. As stated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Plaintiff's Complaint alleges damages in excess of $25,000 as compensatory damages for breach of contract. (Ex. 2 at "WHEREFORE" ¶ 1).

13. Plaintiff's Complaint alleges damages in excess of $25,000 for Unfair and Deceptive Trade Practices, seeking treble damages. (Ex. 2 at ¶ 36).

14. Plaintiff's Complaint establishes an amount in controversy above $75,000.00 by a preponderance of the evidence.

**A. The Amount in Controversy is Unclear from the Face of Plaintiff's Complaint and the Amount in Controversy Exceeds $75,000.00 be a Preponderance of the Evidence.**

15. In *McDonald*, this Court stated "[i]f the amount in controversy is unclear on the face of the initial pleading, including where 'the State practice either does not permit demand for a specific sum **or permits recovery of damages in excess of the amount demanded[**,**]**' the defendant may assert the amount in controversy in the Notice of Removal." 2021 U.S. Dist. LEXIS 228681, at *4-5 (*citing* 28 U.S.C. § 1446(c)(2))(emphasis added).

16. Likewise, in *Canon*, this Court stated,

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

2020 U.S. Dist. LEXIS 103433, at *7-8 (*citing* 28 U.S.C. § 1446(c)(2) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

17. Here, North Carolina state practice permits recovery of damages in excess of the amount demanded on the face of Plaintiff's Complaint.

18. Further, Plaintiff's Complaint establishes, by a preponderance of the evidence, that their damages exceed $75,000.00.

19. Plaintiff alleges that Plaintiff has suffered "suffered damages" as a "direct and proximate result of Defendant's breach of contract" due to Defendant "failing to indemnify and insure Plaintiff for the damages and losses under the Policy" (*See* Exhibit 2 at ¶¶ 26-28.)

20. The insurance benefits available to Plaintiffs under the subject policy are well in excess of $75,000.

21. Moreover, when determining the amount in controversy, "the district court should consider any special or punitive damages, such as treble damages" available under state unfair trade practices statutes. *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) (per curiam); see also Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983).

22. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

## **CONCLUSION**

23. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.

24. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district embracing the place where the originally filed State Action is pending.

25. Pursuant to 28 U.S.C. § 1446(a), the Civil Summons is attached as **Exhibit 3** and the Complaint is attached as **Exhibit 2**.

26. Defendants reserve all defenses based on personal jurisdiction, sufficiency of service of process, sufficiency of process, and any other defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

27. Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly filed with the clerk of the Superior Court for Mecklenburg County, and served on the other parties to this action forthwith. A copy of that Notice will be filed in this action within seven days pursuant.

Respectfully submitted, this the 9th day of January, 2026.

/s/ *Andrew K. Sonricker*
Andrew K. Sonricker (N.C. Bar No. 55224)
Rachel E. Keen, (N.C. State Bar No. 27777)
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite, 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150
Email: andrew.sonricker@wbd-us.com
Email: rachel.keen@wbd-us.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is the attorney at law licensed to practice in the State of North Carolina, is the attorney for Defendant in this matter, and is person of such age and discretion as to be competent to serve process.

That on January 9, 2026, he served a copy of the foregoing **NOTICE OF REMOVAL OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA** via email to the following:
.
>Joseph Rosier (N.C. Bar No. 63497)
>Kuhn Raslavich PA
>421 Fayetteville Street, Ste. 1100
>Raleigh, NC 27601
>Telephone: (980) 308-9977
>Facsimile: (980) 223-4447
>Email: joe@thekrfirm.com

*Attorney for Plaintiff*

/s/ *Andrew K. Sonricker*
Andrew K. Sonricker (N.C. Bar No. 55224)
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite, 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150
Email: andrew.sonricker@wbd-us.com

*Attorney for Defendants*